IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LACRAIG ROBERTS (TDCJ No. 1754303), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:16-cv-3425-B-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner LaCraig Roberts, a Texas inmate, proceeding *pro se*, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. Nos. 3 & 4. This action has been referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application with prejudice as time-barred pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**Applicable Background**

Roberts is challenging a November 10, 2011 murder conviction in Dallas County, Texas, pursuant to which he were sentenced to 40 years of imprisonment. *See State v. Roberts*, F10-58283-K (Crim. Dist. Ct. No. 4, Dallas Cty., Tex.). He did not file a direct

appeal. But he did seek state post-conviction relief within one year from the date his state conviction and sentence became final. *See Ex parte Roberts*, W10-58283-K(A) (reflecting that you signed your state petition on March 5, 2012). The Texas Court of Criminal Appeals (the "CCA") denied his state habeas application without a written order more than four years before he filed this federal habeas application. *See Ex parte Roberts*, WR-77,513-01 (Tex. Crim. App. May 16, 2012).

On an initial review of the federal habeas application, the Court recognized that the petition is likely time-barred and issued a questionnaire [Dkt. No. 6] to provide Roberts fair notice of the limitations issue and to allow him to present his position as to that issue through a verified response to the questionnaire. The Court received and docketed Roberts's verified responses on January 12, 2017. *See* Dkt. No. 9.

**Legal Standards**

Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

>"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ____, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The United States Supreme Court recently reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).[1]

The Supreme Court also has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

---

[1] *See also Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

Rule 4 Disposition

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, clearly applicable here, the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court").

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original); *see also Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and

recommendation also gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

## Analysis

Roberts's sole claim for relief is that constitutionally-ineffective assistance of counsel caused him to enter a guilty plea involuntarily. *See, e.g.,* Dkt. No. 3.

As the Court has noted in the context of the federal analogue to 28 U.S.C. § 2244(d)(1)(D), the factual-predicate provision of the limitations statute, "in determining whether [28 U.S.C.] § 2255(f)(4) should be applied, the relevant inquiry should focus on when the factual predicate of a claim could have been discovered, as opposed to the date on which the petitioner has in his possession evidence to support his claim." *Milam v. United States*, No. 3:14-cv-1924-L-BN, 2015 WL 5896025, at *4 (N.D. Tex. July 30, 2015) (citations omitted), *rec. adopted*, 2015 WL 5896121 (N.D. Tex. Oct. 6, 2015); *cf. Wilder v. United States*, Civ. A. No. 10-0997 & Crim. No. 03-72, 2011 WL 3444178, at *7 n.5 (W.D. Pa. Aug. 8, 2011) (observing that, while the term "factual predicate of the claim" is used in place of "facts supporting the claim" in Section 2244(d)(1)(D), the state-habeas analogue to Section 2255(f)(4), courts do "not distinguish between the provisions").

"Congress did not provide a definition of the term 'factual predicate,' as used in § 2244(d)(1)(D)[, but t]hose courts that have given meaning to the term agree that a factual predicate consists only of the 'vital facts' underlying the claim." *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) (citing *McAleese v. Brennan*, 483 F.3d 206,

214 (3d Cir. 2007); *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)); *see also Vega v. Stephens*, No. 3:14-cv-551-P-BK, 2015 WL 4459262, at *3 (N.D. Tex. July 20, 2015) (defining "the factual predicate" as "the vital or principal facts underlying [a petitioner's] claims" (citing *McAleese*, 483 F.3d at 214; *Rivas*, 687 F.3d at 535)).

The "vital facts" underlying Roberts's sole claim – for ineffective assistance of counsel – were known to, or could have been discovered by, Roberts well before one year prior to his filing of the current action. For example, Roberts now claims that his guilty plea was involuntary due to his counsel's alleged failure to investigate, while, in his state habeas application, filed in March 2012, he alleges, relatedly, that the guilty plea was involuntary because counsel was aware that Roberts was incompetent but failed to investigate the alleged incompetency by requesting a competency hearing. *Cf. Mendenhall v. Quarterman*, Civ. A. No. H-08-2104, 2009 WL 7326066, at *3 (S.D. Tex. May 21, 2009) (finding Section 2244(d)(1)(D) not applicable where "petitioner concedes that he unsuccessfully challenged the guilty pleas in his Dallas County convictions under the same constitutional arguments raised in the instant proceeding").

Accordingly, the federal petition should be considered – and is untimely – under the only other provision of Section 2244(d)(1) plausibly applicable here, Section 2244(d)(1)(A). Although Roberts failed to file a direct appeal, and therefore his conviction and sentence became final for limitations purposes thirty days after imposition, *see* Tex. R. 26.2(a)(1), he did pursue state habeas relief within one year from that date, and he thereby tolled the limitations period during the pendency of the

state application, *see* 28 U.S.C. § 2244(d)(2). But his federal application, signed on December 7, 2016, *see* Dkt. No. 3 at 10, was filed more than four years after the CCA denied his state habeas application on May 16, 2012.

The current Section 2254 application is therefore due to be denied as untimely absent equitable tolling. And equitable tolling does not save this petition from the statute of limitations because Roberts has not carried his "burden ... to show rare, exceptional, or extraordinary circumstances beyond his control that made it impossible for him to timely file" his Section 2254 habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *compare* Dkt. No. 9 (asserting that his counsel's alleged ineffectiveness tolled the limitations period), *with Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("Ineffective assistance of counsel is irrelevant to the tolling decision.")); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 2016 WL 672565, at *4.

### Recommendation and Direction to the Clerk of Court

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus with prejudice because it is time-barred. The Court also should direct that the Clerk of Court serve any order accepting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this

recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* Rule 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 13, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE